# CIRCUIT COURT OF BALTIMORE CITY.

Filed August 15, 1912.

HENRY OPPENHEIMER
VS.
. EXCELLO MANUFACTURING
COMPANY.

*Bernhard Cline* for petitioner.
*Morris A. Rome* for receivers.

BOND, J.—

The contract on which the petition is based is somewhat similar to that considered in the case of Brown vs. Deford & Co., 35 Md., 297. Here the Manufacturers Company bought and furnished material to the Excello Company for the benefit of a 7 per cent. return which the Excello Company agreed to pay on the money thus laid out for it by the Manufacturers Company. And, apparently as a security for the advance, it was stipulated that the goods so supplied should be and remain the property of the Manufacturers Company throughout the possession by the Excello Company, during the process of manufacture into garments, and until sold by the Excello Company to its customers.

This did not constitute. a bailment of the property of the Manufacturers Company, as suggested in argument, for the goods were not to be returned to that company, nor delivered for it, or made up into garments for its use. All such incidents of a bailment were lacking. Nor was the Excello Company made an employe or contractor of the Manufacturers' Company to do a special work for the latter. All the work was primarily for the profit of the Excello Company, the Manufacturers Company having only a right to receive 7 per cent. on its money outlay, the obligation being the same as would have been that of a promissory note given by the Excello Company. There is a difference between this case and the case of Brown vs. Deford & Co., in that Deford & Co. provided money for the purchase, manufacture and sale of material as a means to the end of working off an existing indebtedness to themselves, whereas here the provision of material was the original, whole transaction, and the consideration for an interest or return of 7 per cent. to be gained as the work progressed. Deford & Co. may, perhaps, be said to have had the material bought and the work done for themselves, they taking all results of sales of the finished product until the past indebtedness should be paid; and that fact may, perhaps, have given them, in all fairness, a better position in respect to other creditors in the administration of the debtors' assets than that occupied by the Manufacturers Company in the present case. But after study at greater length of the facts, and of the case of Brown vs. Deford & Co., I have come to the conclusion that no legal distinction between the reservations of title in the two cases can be supported by this difference in the facts. And, modifying the views I expressed at the hearing on this petition, I have concluded that the case of Brown vs. Deford & Co. rules that the reservation of title in the material furnished to the Excello Company is invalid and ineffective only as against subsequent creditors.

As stated at the hearing, an order will be signed dismissing the present petition for the delivery of the goods by the receivers to the petitioner.